FRANK B. EATON AND LILLIAN EATON, RELATORS, v. VILLAGE OF SOUTH ORANGE AND IRA T. REDFERN, BUILDING INSPECTOR OF THE VILLAGE OF SOUTH ORANGE, DEFENDANTS.

Submitted June 9, 1925—Decided October 1, 1925.

Zoning—Retail Stores in Restricted Territory—Inadequacy of Fire Protection—Building Line at Specified Distance From Street—First Point Determined in Ignaciunas v. Risley, the Second by Ingersoll v. South Orange—Nothing Found in Circumstances in Present Case Regarding Building Line Affording a Valid Exercise of Police Power—Peremptory Writ of Mandamus Awarded With Provisions For Moulding Pleadings in Case of Appeal.

On rule to show cause why a writ of *mandamus* should not issue.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the relators, *Howe & Davis* (*Edward L. Davis,* of counsel).

For the defendants, *Riker & Riker* (*Thomas E. Fitzsimmons,* of counsel).

PER CURIAM.

The relators, Frank B. Eaton and Lillian Eaton, his wife, are the owners of a tract of land at the corner of South Orange avenue and Prospect street, in the village of South Orange. The frontage on South Orange avenue is about one hundred and twenty-five feet, and on Prospect street about one hundred and ninety-three feet, but the corner of the street is not a right angle, but an acute angle of about sixty-five degrees, so that the southerly side line of the lot is only sixty feet and the westerly side line one hundred and forty-seven feet.

The relators desire to erect upon this lot a two-story building having fourteen stores and one apartment for the use of a janitor on the first floor and nine apartments on the second floor, at a cost of approximately $75,000.

On March 28th, 1925, application was made for a permit for the erection of such building, which application was accompanied by plans and specifications, and a tender was made of the legal fee. The plans and specifications complied with the building code of South Orange, and have been approved by the tenement house commission of New Jersey.

The permit was refused by the building inspector on the ground that while the zoning ordinance in force in South Orange permitted the erection of an apartment-house on this property, it did not permit the erection of stores, and it also required that the front line of the building would have to be set back twenty-five feet from the property line on South Orange avenue and fifteen feet from the property line on Prospect street. Prospect street at this point is fifty feet wide, and South Orange avenue is eighty feet wide.

The legal question presented is whether the restriction of the use of the property by the relators imposed upon them by the terms of the ordinance, without making compensation to them, is valid.

So far as the right to forbid the erection of retail stores is concerned, the question is settled by the case of *Ignaciunas* v. *Risley*, 98 *N. J. L.* 712; affirmed, 2 *N. J. Adv. R.* 852. With respect to the contention that the restriction is justified by the fact (assuming it to be a fact for present purposes) "that the present fire department is inadequate to take care of apartment-houses of the type proposed," a sufficient answer is found in the decision of this court in *Ingersoll* v. *South Orange*. 3 *N. J. Mis. R.* 335.

The remaining question is whether or not the provision for a set back from the street or property line is a valid exercise of the police power. That provision is:

"In residence 'A' and residence 'C' districts, no part of a building shall be higher above the curb level than the distance

it sets back from the street line of the street on which it faces, and the front yard set-back distance to the main front wall shall not be less than twenty-five feet, except that on a corner lot the set-back distance from one street line may be reduced to not less than fifteen feet."

We think that there is nothing in the circumstances of the present case as presented from which we would be justified in finding any valid exercise of the police power in the exactment of the provision of the ordinance in question.

Such we think to be the result of a consideration of the principles laid down in the case of *Passaic* v. *Paterson Bill Posting Co.*, 72 *N. J. L.* 285, which held that a city ordinance requiring that sign or bill boards shall be constructed not less than ten feet from the street line is a regulation not reasonably necessary for the public safety, and cannot be justified as an exercise of the police power.

The fact that there is "considerable traffic," "automobile and otherwise," at the intersection of the streets on which the property in question fronts does not justify the restriction in question.

A peremptory writ of *mandamus* will be awarded. In case an appeal is desired an application will be entertained for an order for the moulding of the pleadings.